UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN SANCHEZ, | ) | 1:10-cv-01731-JLT HC |
| Petitioner, | ) | |
| v. | ) | INFORMATIONAL ORDER |
| K. ALLISON, | ) | |
| | ) | (Doc. 10) |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The original petition was filed on September 22, 2010. (Doc. 1). The original petition is on a form petition authorized by this Court, but does not contain any specific claims. Rather, the form petition indicates "see attached petition." (Doc. 1, p. 5). Attached to the petition is a document entitled "For Writ of Habeas Corpus," that contains arguments challenging the Board of Prison Hearings' ("BPH") June 26, 2009 denial of parole suitability.

On September 30, 2010, after conducting a preliminary review of the original petition, the Court ordered Respondent to file a response. (Doc. 7). The following day, on October 1, 2010, Petitioner filed a 324-page document that includes a form petition for writ of habeas corpus and numerous exhibits. (Doc. 10). The form petition itself is not designated as an "amended petition." Like the original petition, this document does not actually contain any specific claims for habeas

relief. Rather, like the original petition, it indicates "See Attached Petition." However, unlike the original petition, there is no "Attached Petition." Instead, Petitioner has attached as series of exhibits that are prefaced by a paged entitled, "Enclosed are the Exhibits for Case number 1:10/-CV-01731-JLT." Included within the exhibits are various state court rulings on Petitioner's habeas corpus petitions, transcripts of the BPH's decisions denying parole suitability for Petitioner on February 27, 2006 and June 26, 2009, psychological assessments of Petitioner, vocational and work assessments, prison "chronos," and letters of support from friends and family.

After carefully considering the original petition and the filing of October 1, 2010, and attempting to reconcile two seemingly contradictory documents, the Court has decided not to construe the filing of October 1, 2010 as a first amended petition. Were it to do so, the Court would have to rescind the scheduling order of September 30, 2010 and to dismiss the first amended petition because it contains no claims whatsoever. Instead, the Court will construe the filing of October 1, 2010, as a Supplement to the original petition that provides additional exhibits to support the claims Petitioner has made in the legal brief attached to the original petition. Necessarily, the Court will disregard as surplusage the form petition filed with the October 1, 2010 filing. Such a construction has the salutary effect of permitting Petitioner's claims to proceed as set forth in the original petition but supplemented with exhibits contained in the October 1, 2010 filing, while avoiding the need to either dismiss the entire proceedings based on the deficiencies in the October 1, 2010 form petition or to rescind the scheduling order of September 30, 2010 and issue a new scheduling order.

Therefore, the Court **FINDS**:

1. The October 1, 2010 filing (Doc. 10) is not an amended petition;
2. The October 1, 2010 filing (Doc. 10) is a Supplement to the petition filed on September 22, 2010; and
3. The Court **DISREGARDS** as surplusage the form petition filed with the October 1, 2010, filing.

IT IS SO ORDERED.

Dated:   **October 13, 2010**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE