1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   STEVEN SANCHEZ,                        )   1:10-cv-01731-LJO-JLT HC
                                            )
12                   Petitioner,            )   FINDINGS AND RECOMMENDATIONS TO
                                            )   SUMMARILY DISMISS PETITION FOR
13        v.                                )   WRIT OF HABEAS CORPUS (Doc. 1)
                                            )
14                                          )   ORDER DIRECTING THAT OBJECTIONS
     K. ALLISON,                            )   BE FILED WITHIN TWENTY DAYS
15                                          )
                     Respondent.            )
16   _____       )

17

18        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.

20        On September 22, 2010, Petitioner filed the instant petition for writ of habeas corpus.  (Doc.

21   1). On September 30, 2010, the Court ordered Respondent to file a response to the petition.  (Doc. 7).

22   The following day, October 1, 2010, Petitioner filed a document entitled "First Petition," which

23   contained exhibits but not claims for relief, despite Petitioner's repeated admonition to "see attached

24   petition."  (Doc. 10).  On October 15, 2010, the Court issued an informational order construing the

25   October 1, 2010 filing as a supplement to the original petition rather than as a first amended petition.

26   (Doc. 13).   On December 2, 2010, Respondent filed the Answer.  (Doc. 15).  On January 3, 2011,

27   Petitioner filed his Traverse.  (Doc. 17).

28        Petitioner challenges the California court decisions upholding a June 26, 2009, decision of

1   the California Board of Parole Hearings ("BPH").  Petitioner claims the California courts

2   unreasonably determined that there was some evidence that he posed a current risk of danger to the

3   public if released on parole and that the BPH's decision was arbitrary and was not based on "some

4   evidence" in the record.

5          I.  Preliminary Screening of the Petition.

6          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

7   if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

8   not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

9   The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any

10  attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4;

11  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490

12  (9th cir. 1990).  Habeas Rule 2( c) requires that a petition (1) specify all grounds of relief available to

13  the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.  Notice

14  pleading is not sufficient; rather, the petition must state facts that point to a real possibility of

15  constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at

16  420.  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to

17  summary dismissal.  Hendricks, 908 F.2d at 491.

18         Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a

19  petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

20  respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory

21  Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th

22  Cir.2001).

23         II.  Failure to State a Claim Cognizable Under Federal Habeas Corpus

24         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

25  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

26  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

27  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586

28  (1997).  The instant petition was filed on September 22,  2010, and thus, it is subject to the

1    provisions of the AEDPA.

2            Here, Petitioner alleges that he is an inmate of the California Department of Corrections and

3    Rehabilitation who is serving a sentence of twenty-six years-to-life imposed in the Fresno County

4    Superior Court after Petitioner's 1985 convictions for two counts of first degree murder.  (Doc. 1, p.

5    1).  Petitioner does not challenge either his conviction or sentence; rather, Petitioner challenges the

6    June 26, 2009 decision of the BPH finding him unsuitable for parole.

7            Petitioner contends that the BPH decision was not supported by "some evidence" in that the

8    BPH's reliance upon Petitioner's psychological assessment, the gravity of the commitment offense,

9    and opposition by the district attorney and others to parole are, together, insufficient to establish that

10   Petitioner poses a present threat of danger to public safety that makes him unsuitable for parole.

11   (Doc. 1, pp. 35-48).

12           A.  <u>Substantive Due Process Claims And California's "Some Evidence" Standard</u>

13           As discussed more fully below, the claims in the petition sound exclusively in substantive

14   federal due process and therefore are not cognizable in these proceedings.

15           The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

16   Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

17   he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts

18   shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in

19   custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§

20   2254(a)(, 2241( c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); <u>Wilson v.</u>

21   <u>Corcoran</u>, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); <u>see also</u>, Rule 1 to the Rules Governing Section

22   2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of

23   habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v.</u>

24   <u>Rodriguez</u>, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28

25   U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted

26   in a decision that was contrary to, or involved an unreasonable application of, clearly established

27   Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that

28   was based on an unreasonable determination of the facts in light of the evidence presented in the

1   State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

2          Because California's statutory parole scheme guarantees that prisoners will not be denied

3   parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held

4   that California law creates a liberty interest in parole that may be enforced under the Due Process

5   Clause.  Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d

6   606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), rev'd, Swarthout v.

7   Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit instructed

8   reviewing federal district courts to determine whether California's application of California's "some

9   evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light

10  of the evidence.  Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

11         On January 24, 2011, the Supreme Court issued a per curiam opinion in Swarthout v. Cooke,

12  562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011).  In that decision, the

13  United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the

14  Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth

15  Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty

16  interest.  Swarthout, 2011 WL 197627, *2.

17         However, the procedures required for a parole determination are the minimal requirements

18  set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct.

19  2100 (1979).[1]  Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates'

20  claims that they were denied a liberty interest because there was an absence of "some evidence" to

21  support the decision to deny parole.  In doing so, the High Court stated as follows:

22         There is no right under the Federal Constitution to be conditionally released before the
           expiration of a valid sentence, and the States are under no duty to offer parole to their
23         prisoners. (Citation omitted.)  When, however, a State creates a liberty interest, the Due
           Process Clause requires fair procedures for its vindication–and federal courts will review the
24         application of those constitutionally required procedures.  In the context of parole, we have
           held that the procedures requires are minimal.  In Greenholtz, we found that a prisoner
25         subject to a parole statute similar to California's received adequate process when he was

26  ─────────────────

27      [1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting
    or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and
28  to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the
    evidence relied upon in coming to the decision.  Id.

1   allowed an opportunity to be heard and was provided a statement of the reasons why parole
2   was denied.  (Citation omitted.)

3   Swarthout, 2011 WL 197627, *2.

4       The Court concluded that the petitioners had received the due process to which they were
5   due:

6       They were allowed to speak at their parole hearings and to contest the evidence against them,
        were afforded access to their records in advance, and were notified as to the reasons why
7       parole was denied...

8       That should have been the beginning and the end of the federal habeas courts' inquiry into
        whether [the petitioners] received due process.
9

10  Swarthout, 2011 WL 197627, *3.  The Court went on to expressly point out that California's "some
11  evidence" rule is not a substantive federal requirement, and correct application of the State's "some
12  evidence" standard is not required by the federal Due Process Clause.  Id. at *3.  The Supreme Court
13  emphasized that "the responsibility for assuring that the constitutionally adequate procedures
14  governing California's parole system are properly applied rests with California courts, and is no part
15  of the Ninth Circuit's business."  Id.

16      Swarthout forecloses any claim premised upon California's "some evidence" rule because
17  this Court cannot entertain substantive due process claims related to a state's application of its own
18  laws.  Here, the claims in the petition sound exclusively in substantive due process and are therefore
19  foreclosed by Swarthout.  Review of the record for "some evidence," or for a "nexus" between
20  present dangerousness and certain statutory or regulatory indicia, or for the BPH's failure to properly
21  weigh competing factors, or for the BPH's exclusive reliance upon the circumstances of the
22  commitment offense to support denial of parole, are simply not within the scope of this Court's
23  habeas review under 28 U.S.C. § 2254.  Accordingly, the petition should be summarily dismissed.

24      Moreover, to the extent that the claims in the petition rest solely on state law, they are not
25  cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that
26  does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. ___ , 131
27  S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in
28  the application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d

1  616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state

2  law. <u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

3         B.   <u>Procedural Due Process</u>

4         Petitioner has neither claimed nor established a violation of his federal right to procedural

5  due process.  Respondent has included a transcript of the BPH hearing in the Answer.  (Doc. 15, Ex.

6  1, Pt. A, p. 81 et seq.).  From that transcript, it is clear that Petitioner was present at the BPH hearing

7  (<u>id</u>.), that he had an opportunity to be heard (<u>e.g.</u>, Doc. 15, Ex. 1, Pt. B, pp. 37-80; Pt. C, pp. 15-18),

8  that he was represented by counsel who also attended the hearing and argued on Petitioner's behalf

9  (<u>e.g.</u>, Doc. 15, Ex. 1, Pt. B, pp. 88-100; Pt. C, pp. 1-15), and that Petitioner received a statement of

10 the Board's reasons for denying  parole.  (Doc. 15, Ex. 1, Pt. C, pp. 19-30).

11        According to the Supreme Court, this is "the beginning and the end of the federal habeas

12 courts' inquiry into whether [the prisoner] received due process." <u>Swarthout</u>, 2011 WL 197627.

13 "The Constitution does not require more [process]." <u>Greenholtz</u>, 442 U.S. at 16. Therefore, the

14 instant petition does not present cognizable claims for relief and should be summarily dismissed.

15                              **<u>RECOMMENDATION</u>**

16        For the foregoing reasons, the Court HEREBY RECOMMENDS that the instant petition for

17 writ of habeas corpus (Doc. 1), be SUMMARILY DISMISSED for failure to state a claim upon

18 which federal habeas relief can be granted.

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1    This Findings and Recommendation is submitted to the United States District Court Judge

2 assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of

3 the Local Rules of Practice for the United States District Court, Eastern District of California.

4 Within twenty (20) days after being served with a copy, any party may file written objections with

5 the court and serve a copy on all parties.  Such a document should be captioned "Objections to

6 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

7 filed within ten (10) court days (plus three days if served by mail) after service of the objections.

8 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

9 parties are advised that failure to file objections within the specified time may waive the right to

10 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12 IT IS SO ORDERED.

13 Dated:   March 2, 2011                                          /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28